Filed 9/11/20  Marmorino v. Moore CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LESA MARMORINO,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KATHRYN MOORE,<br><br>    Defendant and Appellant. | G057808<br><br>(Super. Ct. No. 30-2016-00886514)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Layne H. Melzer, Judge.  Reversed and remanded.

Glickman & Glickman, Steven C. Glickman, Laura Tagmazian; Law Offices of Sohaila Sagheb and Sohaila Sagheb for Plaintiff and Respondent.

Manning & Kass, Ellrod, Ramirez, Trester, Alfred De La Cruz, Tonya N. Mora and Ladell Hulet Muhlestein for Defendant and Appellant.

*        *        *

Lesa Marmorino sued her employer, Moore Style 2020 (Style 2020), and its principal, Katherine Moore, for claims arising out of Marmorino's employment and its termination. Although the jury returned a special verdict rejecting Marmorino's discrimination claim against Style 2020 as well as her claim for harassment causing a hostile work environment against both defendants, Marmorino prevailed against Style 2020 on a claim for breach of contract, and prevailed against Moore individually on a claim for negligent infliction of emotional distress.

Only Moore appeals. She argues that because there is no stand-alone cause of action for negligent infliction of emotional distress, Marmorino could not recover damages against her for negligently inflicted emotional distress in the absence of a determination that she had breached some other duty of care owed to Marmorino. We agree.

Had Marmorino prevailed against Moore on her cause of action alleging harassment—or established that Moore had breached some other duty of care owed to her—such a verdict would have been sufficient to support the award of emotional distress damages. But there is no such determination and no evidence to support one. Marmorino cannot recover damages by establishing only that Moore acted in a manner which was unreasonable because it imperiled her emotional state, as Moore had no legal duty to refrain from such conduct. We consequently reverse the judgment against Moore individually.

## FACTS

Moore first recruited and hired Marmorino as vice-president of Style 2020 in December 2011.[1]  Marmorino worked in that capacity until April of 2012, when Style 2020 ceased doing business and laid off all of its employees.

In November 2012, Moore contacted Marmorino, told her that Style 2020 would be resuming operations and asked Marmorino to return in the capacity of vice-president of sales.  Because Marmorino wished to be protected from another abrupt termination of her employment, she agreed to return only if Style 2020 agreed it could terminate her employment only for good cause.  Moore agreed to that condition and Marmorino rejoined the company.

Style 2020 recommenced operations in February 2013, and Moore thereafter frequently complimented Marmorino on her work.  However, in about December 2013, Style 2020 engaged the services of a photographer, J.R., in connection with marketing and advertising.  Beginning in January of 2014, Moore began requiring Marmorino to engage in a variety of acts to facilitate Moore's relationship with J.R., which Marmorino perceived to be romantic.  Marmorino believed she had no choice but to comply.

Moore and J.R. started a business together in August 2015.  In May 2016, Marmorino's employment with Style 2020 was abruptly terminated, without explanation.  Moore testified at trial that her decision to terminate Marmorino's employment was prompted by an improper statement Marmorino had made to another employee.

---

[1]  According to Moore, Style 2020 "is a boutique firm that offers styling services to enhance physical appearance and classes training individuals to become stylists."

Marmorino's first amended complaint alleged causes of action against both Moore and Style 2020 for employment discrimination, retaliation and harassment,[2] as well as intentional and negligent infliction of emotional distress. She also alleged causes of action solely against Style 2020 for breach of oral contract, wrongful termination, and violation of unfair competition laws.

Marmorino's claim of workplace harassment and hostile work environment was based on allegations that Moore had dragooned her into facilitating Moore's alleged extramarital affair with J.R. In her complaint Marmorino alleged that she "was offended that her employment with Moore Style 2020 required her to be subjugated [*sic*] to the personal and intimate affairs of her boss but believed there was nothing she could do about it." She further alleged she was "required to spy on [Moore's paramour] and report to Moore regarding [his] activities," "forced to write a scathing email to [him]" on Moore's behalf, and "required to attend various dinners, drink gatherings and other events to make it appear that it was a work event . . . ." Marmorino concluded by claiming that "[i]n short, the . . . love affair pervaded [her] employment and [she] had no recourse [because] Moore was [her] immediate supervisor and the only Human Resources prospect." She also alleged that "complaining about . . . her involvement in the . . . affair would only get her fired."

With respect to the claim of negligent infliction of emotional distress, Marmorino alleged that because she was "an employee of [Moore], there was a special relationship between [her] and [Moore] in that [Moore] had the power to discipline

<hr>

[2] Marmorino alleged employment discrimination based on age, medical condition and disability, but the court later granted summary adjudication of the claim of retaliation based on age, and Maramino stipulated to the dismissal of her claims for age-based harassment and discrimination.

Marmorino's claim of disability and medical condition was based on the fact she had suffered a shoulder injury.

4

and/or discharge [her]" and that "based on this special relationship [Moore] had a duty of care to [her]."

In their answer, defendants alleged, as one of their 51 affirmative defenses, that Marmorino's "claims and damages for . . . emotional distress are based on a work-related injury, preempted by [Lab. Code, § 132a]. The workers' compensation laws [Lab. Code, §§ 3200-6208] provide the exclusive remedy for most work-related injuries."

The parties later stipulated to dismissal of Marmorino's claims against Style 2020 for both intentional and negligent infliction of emotional distress because such claims were barred by the exclusive remedy of the workers' compensation laws. However, those emotional distress claims were left intact as against Moore.

In connection with the claim for negligent infliction of emotional distress, the jury was instructed that "[n]egligence is the failure to use reasonable care to prevent harm to oneself or to others" and that "[a] person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation" It was also instructed that the elements of a cause of action for negligently inflicted emotional distress were that "Moore was negligent"; that "Marmorino suffered serious emotional distress"; and that "Moore's negligence was a substantial factor in causing . . . Marmorino's serious emotional distress."

The jury returned a special verdict, finding against Marmorino on her causes of action for harassment/hostile work environment and for wrongful termination due to a medical condition or physical disability. However, it found in favor of Marmorino, and against Style 2020, on her claim for breach of employment contract, awarding her $312,000 in economic damages. The jury also found in Marmorino's favor,

5

and against Moore, on her claim for negligent infliction of emotional distress, awarding Marmorino $88,000 in noneconomic damages.[3]

## DISCUSSION

Moore contends that the judgment entered against her individually, for $88,000 in emotional distress damages, must be reversed because a claim for negligently inflicted emotional distress must be based on the breach of some duty of care other than a general duty to avoid inflicting emotional distress. As Moore points out, the jury found in her favor on the other tort causes of action alleged against her, and thus the verdict does not support the inference that Moore breached any distinct duties of care owed to Marmorino. We agree. Moreover, Marmorino has not identified any other duty of care owed to her by Moore that would support her recovery for negligently inflicted emotional distress, and thus Moore is entitled to have judgment entered in her favor.[4]

Our Supreme Court has repeatedly said "there is no independent tort of negligent infliction of emotional distress." (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984 (*Potter*); see *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 884; *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588.) Instead, "the tort is negligence, a cause of action in which duty to the plaintiff is an essential element." (*Potter, supra*, 6 Cal.4th at p. 984.)

---

[3]   The jury was instructed that the only non-economic damages claimed by Marmorino were for "mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and emotional distress."

[4]   Because we agree with Moore on this point, we need not address her other challenges to the validity of the judgment, including her assertion that recovery of such personal injury damages is barred by the exclusive remedy of the workers' compensation law, and her assertion that the evidence was insufficient to demonstrate Marmorino's emotional distress was caused by her misconduct.

"[T]here is no duty to avoid negligently causing emotional distress to another." (*Potter, supra,* 6 Cal.4th at p. 984.) Consequently, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." (*Id*. at p. 985; *Erlich v. Menezes* (1999) 21 Cal.4th 543, 555.) Such a legal duty "may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." (*Potter, supra*, 6 Cal.4th at p. 985; *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., supra,* 48 Cal.3d at p. 590.)

In this case, Marmorino alleged in her complaint that Moore's status as her de facto employer, with the "power to discipline and/or discharge [her]" created the type of "special relationship" which gave rise to a duty of care for purposes of her cause of action for negligent infliction of emotional distress. However, at trial Marmorino did not rely on that alleged "special relationship" as a basis for imposing a duty of care to protect her from emotional injury. Indeed, neither the element of duty nor the purported source of any duty of care is mentioned in the jury instructions pertaining to Marmorino's claim for negligent infliction of emotional distress.

Marmorino does not argue on appeal that the employment relationship constitutes the type of special relationship that would support a claim for negligent infliction of emotional distress, and we are unaware of any support for such a contention. As explained in *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 207, "the special relationships that our Supreme Court has deemed sufficient to give rise to a duty of care are clearly related to the plaintiff's mental or emotional well-being. Valid claims for negligent infliction of emotional distress have been found where the defendant breached the duty of care that arises in the physician-patient relationship [citations], as well as in the psychotherapist-patient relationship [citation], and in the relationship between a mortuary and the close relatives of the decedent for whose benefit the

7

mortuary was to provide funeral services [citation].  In short, '[c]ases permitting recovery for emotional distress typically involve mental anguish stemming from more personal undertakings the traumatic results of which were unavoidable.'"

The Supreme Court has expressly rejected the notion that an employment relationship qualified as the type of "special relationship" that would give rise to tort remedies, such as emotional distress damages, for breach of the covenant of good faith and fair dealing.  (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 692 ["we are not convinced that a 'special relationship' analogous to that between insurer and insured should be deemed to exist in the usual employment relationship which would warrant recognition of a tort action for breach of the implied covenant"].)

In light of this precedent, Marmorino asserts, in generic fashion, that Moore "owed a duty to use ordinary care . . .  in order to prevent injury to [her]."  She then suggests that "[s]uch ordinary care could be exercised in the form of consideration of how [Moore's requirement that Marmorino facilitate her extramarital affair] *was affecting Marmorino's mental and emotional health*."  (Italics added.)  But what that describes is a duty of care to avoid harming Marmorino's emotional health—i.e., a duty to avoid causing her emotional distress.  No such duty of care exists under California law.

Marmorino also suggests that because the jury was instructed on the definition of negligence, and also instructed that the elements of a cause of action for negligent infliction of emotional distress included a finding that Moore's negligence was a substantial cause of Marmorino's emotional distress, the jury's verdict was sufficient to support recovery for that harm on a general negligence theory.  Specifically, she claims the jury's finding that Moore "fail[ed] to exercise ordinary care towards Marmorino establishes a breach of an independent duty that was owed to Marmorino."

However, the existence of a duty of care is a question of law, not a fact to be decided by the jury.  (*Parsons v. Crown Disposal Co*. (1997) 15 Cal.4th 456, 465; *Barenborg v. Sigma Alpha Epsilon Fraternity* (2019) 33 Cal.App.5th 70, 76.)  It was for

8

the court to decide whether, and on what basis, Moore owed Marmorino a duty of care with respect to her emotional health, and to instruct the jury on that point. It was the jury's obligation to decide whether the duty, as defined by the court, was breached. (*Minnegren v. Nozar* (2016) 4 Cal.App.5th 500, 507 ["While the existence of a duty of care is a question of law, breach of that duty and resulting damage are questions of fact"].) The jury's verdict provides no basis for us to infer that a duty of care existed.

Marmorino is correct in asserting that a claim for recovery of negligently inflicted emotional distress damages can exist as a stand-alone cause of action, and also that it is irrelevant what title is given to that cause of action. But her assertion misses the point. To *prevail* on such a cause of action, she had to identify a legal duty of care owed to her by Moore, and then convince the jury that it was Moore's breach of that duty which caused her to suffer emotional distress. She failed to do so.

Finally, Marmorino argues that Moore waived this issue (1) by failing to raise it in the trial court; (2) since the parties essentially agreed on the instructions and verdict forms that were provided to the jury; and (3) due to the applicability of Code of Civil Procedure section 469 (hereafter section 469).

We find no waiver based on this record. First, we decline to hold that a legally invalid theory of liability can be employed to support a jury award. As noted above, the Supreme Court unequivocally held in *Potte*r that "there is no independent tort of negligent infliction of emotional distress." (*Potter, supra,* 6 Cal.4th at p. 984.) That settles that issue. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Next, given the pleadings and procedural history of this case, we do not believe the trial court erred in allowing the negligent infliction of emotional distress cause of action to go to the jury. When the jury retired, two other causes of action, those alleging discrimination and harassment, were still pending. If the jury had found for Marmorino on either one of these, such a finding would have supported the emotional distress award.

9

It was only after the jury rejected those claims that the emotional distress claim, standing alone, became untenable.

Finally, relying largely on section 469, Marmorino seems to at least impliedly suggest both in her briefing and at oral argument that Moore had some responsibility to attack the viability of the independent negligent infliction of emotional distress cause of action in the trial court.  Exactly when or how she does not specify.  In fact, Moore did raise the issue with the trial judge who, as we interpret the record, allowed that claim to go to the jury since the discrimination and harassment causes of action were still to be decided.  There was no error by the court in this regard.

## DISPOSITION

The judgment is reversed and the case is remanded to the trial court with instructions to enter judgment in Moore's favor.  Moore is to recover her costs on appeal.

GOETHALS, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

IKOLA, J.

10